STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. CV-07-412

NATIVE MAINE PRODUCE
AND SPECIALTY FOODS LLC,

        Plaintiff,

v.                                                      ORDER

DOUGLAS BERRILL, et al.,

        Defendants.


Before the court is defendants' motion to dismiss the complaint. The motion was originally filed before plaintiff had amended its complaint to add Count VIII – a claim alleging violation of the Uniform Trade Secrets Act. However, both parties have now also briefed the issue of whether Count VIII states a claim upon which relief may be granted, and the court will consider defendants' motion as addressed to the amended complaint as a whole.

On a motion to dismiss, the material allegations of the complaint are taken as admitted and the court examines the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief under some legal theory. *In re Wage Payment Litigation*, 2000 ME 162 ¶ 3, 759 A.2d 217, 220. The complaint should be dismissed only when it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts it might prove in support of its claim. *Id.*

At the outset, the court agrees with defendants that where the Uniform Trade Secrets Act applies, it preempts all other claims for misappropriation of trade secrets. 10 M.R.S. § 1548. *See Composite Marine Propellers Inc. v. Van Der Woude*, 962 F.2d 1263,

1265 (7th Cir. 1992). The court has examined the allegation of Counts I through VII of the complaint and agrees that all of those counts are based on Berrill's misappropriation of Native Maine's customer lists and related pricing data and are therefore preempted. Those counts will therefore be dismissed.[1]

That leaves Count VIII of the complaint. Because of the proceedings with respect to the TRO, the court has some familiarity with the facts of this case. For purposes of this motion, however, the court is limited to the allegations in the complaint.

To state a claim under the Uniform Trade Secrets Act, a complaint must allege that there has been "misappropriation," within the meaning of 10 M.R.S. § 1642(2), of a "trade secret," within the meaning of 10 M.R.S. § 1642(4). Defendants concede that the complaint adequately alleges misappropriation but argue that it does not adequately allege that the information taken constitutes "trade secrets" within the meaning of 10 M.R.S. § 1542(4).

Reviewing the amended complaint in the light most favorable to plaintiff under the standard applicable to a motion to dismiss, see In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 759 A.2d at 220, the court disagrees. Although the issue is close, paragraphs 7, 25, and 26 of the amended complaint are sufficient to state a misappropriation of trade secrets claim in that Native Maine may be able to prove a set of facts under those allegations that would entitle it to relief. The courts have spelled out a list of factors to be considered in determining whether information is a trade

---

[1] This dismissal is without prejudice in the event that Native Maine can allege facts that are not limited to Berrill's taking of its customer lists and pricing data. For instance, if Native Maine has a basis to allege that Berrill diverted business opportunities while still employed at Native Maine, Native Maine could amend and re-allege Count II.

secret, *see Spottiswoode v. Levine*, 1999 ME 79 ¶ 27, 730 A.2d 166, 175, but those factors do not have to be alleged at the pleading stage.

It may be that, based on the facts that have been adduced to date, Count VIII cannot survive a motion for summary judgment. For instance, while customer lists <u>may</u> constitute trade secrets under certain circumstances, *see NaturaLawn of America Inc. v. West Group LLC*, 484 F.Supp. 2d 392, 299 (D. Md. 2007), Restatement (First), Torts § 757, comment b (1939);[2] customer lists are not normally or routinely entitled to trade secret protection,[3] and this is especially true where the prospective customers are already known to or easily identifiable by competitors. The pricing data for which Native Maine claims trade secret protection as trade secrets also may not qualify as trade secrets for a number of reasons, particularly if the evidence demonstrates that pricing sheets are routinely shared with competitors by customers. Moreover, even if the pricing lists were entitled to trade secret protection, any such protection (and any consequent right to damages) might well be extremely short lived in nature in view of changes in market conditions.

These issues, however, are for summary judgment or trial.

The entry shall be:

Defendants' motion to dismiss is granted as to Counts I-VII of the amended complaint, and those counts are dismissed without prejudice to plaintiff's filing of a motion to amend those counts by alleging facts that go beyond misappropriation of trade secrets and proprietary data within 20 days. Defendants' motion to dismiss is

---

[2] Misappropriation of trade secrets has been dropped from subsequent versions of the Restatement, perhaps because the area is now governed by statutes.

[3] *See, e.g., McKesson Medical-Surgical Inc. v. Micro Bio-Medics Inc.*, 266 F.Supp. 2d 590, 596-97 (E.D. Mich. 2003).

denied as to Count VIII of the amended complaint. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:　　February __n__, 2008

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Thomas D. Warren
　　　　　　　　　　　　　　　　　　　　　Justice, Superior Court

MARSHALL TINKLE ESQ
PO BOX 15060
PORTLAND ME 04112

Defendant

plaintiff

MARK DUNLAP ESQ
PO BOX 4600
PORTLAND ME 04112